Slip Op. 10-109

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE, | |
| Plaintiff, | |
| v. | Before:   WALLACH, Judge<br>Court No.:   08-00283 |
| UNITED STATES, | **PUBLIC VERSION** |
| Defendant, | |
| and | |
| PAKFOOD PUBLIC COMPANY LIMITED, et al., | |
| Defendant-Intervenors. | |

[Defendant-Intervenors Pakfood Public Co., Ltd., et al.'s Partial Consent Motion to Modify the Preliminary Injunction is DENIED.]

Dated:   September 27, 2010

Pickard, Kentz and Rowe, LLP (Andrew W. Kentz and Nathaniel Maandig Rickard) for Plaintiff Ad Hoc Shrimp Trade Action Committee.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Stephen C. Tosini and Joshua E. Kurland), for Defendant United States.

White & Case LLP (Walter J. Spak, Christopher F. Corr, and Jay C. Campbell) for Defendant-Intervenors Andaman Seafood Co., Ltd., Chanthaburi Frozen Food Co., Ltd., Chanthaburi Seafoods Co., Ltd., Phatthana Seafood Co., Ltd., Phatthana Frozen Food Co., Ltd., Thailand Fishery Cold Storage Public Co., Ltd., Thai International Seafoods Co., Ltd., and Rubicon Resources LLC.

Akin, Gump, Strauss, Hauer & Feld, LLP (Warren E. Connelly and Jarrod M. Goldfeder) for Defendant-Intervenors Thai Union Seafood Co., Ltd. and Thai Union Frozen Products Public Co., Ltd.

Trade Pacific PLLC (Robert G. Gosselink and Jonathan M. Freed) for Defendant-Intervenors Pakfood Public Co., Ltd., Asia Pacific (Thailand) Co., Ltd., Chaophraya Cold Storage Co., Ltd., Okeanos Co. Ltd., and Takzin Samut Co., Ltd.

**OPINION**

**Wallach, Judge:**

# I
# INTRODUCTION

This matter is before the court on a Partial Consent Motion to Modify the Preliminary Injunction ("Pakfood's Preliminary Injunction Motion") filed by Defendant-Intervenors Pakfood Public Co., Ltd., Asia Pacific (Thailand) Co., Ltd., Chaophraya Cold Storage Co., Ltd., Okeanos Co. Ltd., and Takzin Samut Co., Ltd. (collectively, "Pakfood"). Judgment in the underlying action has been entered in favor of Defendant United States ("Defendant") and against Plaintiff Ad Hoc Shrimp Trade Action Committee ("Ad Hoc"), and Ad Hoc has appealed. See April 29, 2010 Order; Notice of Appeal to the United States Court of Appeals for the Federal Circuit. Because Pakfood has not carried its burden of establishing that changed circumstances necessitate modification of the preliminary injunction while Ad Hoc's appeal is pending, Pakfood's Preliminary Injunction Motion is DENIED.

# II
# BACKGROUND

## A.
## Preliminary Injunction Overview

In cases challenging antidumping determinations by the U.S. Department of Commerce ("Commerce"), "the United States Court of International Trade may enjoin the liquidation of

2

some or all of the merchandise covered . . . , upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances." 19 U.S.C. § 1516a(c)(2). Entries subject to a preliminary injunction issued by this court "shall be liquidated in accordance with the final decision in the action." Id. § 1516a(e)(2). Courts only grant preliminary injunctions when the party seeking such relief establishes that:

> (1) absent the requested relief, it will suffer immediate irreparable harm;
> (2) there exists in its favor a likelihood of success on the merits;
> (3) the public interest would be better served by the requested relief; and
> (4) the balance of hardships on all parties tips in its favor.

Ad Hoc Shrimp Trade Action Comm. v. United States, 562 F. Supp. 2d 1383, 1386-87 (2008) (citing Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983)).

Preliminary injunctions granted by this court pursuant to 19 U.S.C. § 1516a(c)(2) emphasize the irreparable harm that results from liquidation. See SKF USA Inc. v. United States, 28 CIT 170, 176, 316 F. Supp. 2d 1322 (2004) ("Because Plaintiffs have shown that in the absence of a preliminary injunction, they would suffer irreparable harm, they are required only to raise serious, substantial, difficult and doubtful questions to satisfy their burden of proving a likelihood of success on the merits.") (Quotation omitted).

> This court grants preliminary injunctions in antidumping cases when it is essential for the protection of a party's property rights against injuries otherwise irremediable. Liquidation of a party's entries is the final computation or ascertainment of duties accruing on those entries. Once liquidation occurs, it permanently deprives a party of the opportunity to contest Commerce's results for the administrative review by rendering the party's cause of action moot.

Id. at 173 (citations omitted); see Zenith Radio, 710 F.2d at 809-10.

The Supreme Court in 2008 reversed lower courts for not considering the "likelihood of success on the merits" before ordering a preliminary injunction, the demonstration of which is

3

required before issuing the "extraordinary and drastic remedy [that] is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 128 S. Ct. 2207, 2219, 171 L. Ed. 2d 1 (2008) (internal quotation and citations omitted).  The Federal Circuit in 2009 reconciled this concern with preliminary injunctions to prevent liquidation as follows:

> The court takes very seriously the Supreme Court's recent emphasis on the importance of the likelihood of success in the preliminary injunction calculus. But the court also recognizes that 19 U.S.C. § 1516a(c)(2) envisions the use of preliminary injunctions in the antidumping context to preserve proper legal options and to allow for a full and fair review of duty determinations before liquidation.

Qingdao Taifa Group Co. v. United States, 581 F.3d 1375, 1382 (2009) (citation omitted).

## B.
## This Litigation and Pakfood's Preliminary Injunction Motion

Ad Hoc in September 2008 initiated its challenge to numerous Commerce actions that resulted in Certain Frozen Warmwater Shrimp From Thailand: Final Results and Final Partial Rescission of Antidumping Duty Administrative Review, 73 Fed. Reg. 50,933 (August 29, 2008) ("Final Results"). See Complaint.  Commerce in that administrative review selected four mandatory respondents by largest volume, including Pakfood. See Ad Hoc Shrimp Trade Action Comm. v. United States, 675 F. Supp. 2d 1287, 1292-93 (CIT 2009).  Commerce calculated antidumping margins for each of the four mandatory respondents, and the remaining cooperative companies subject to the review received the weighted-average dumping margin. See id. at 1296; Final Results, 73 Fed. Reg. at 50,937-38.

Ad Hoc in September 2008 sought a preliminary injunction to enjoin liquidation of the entries covered by the Final Results. Plaintiff's Consent Motion for Preliminary Injunction to Enjoin Liquidation of Certain Entries.  Ad Hoc argued that each preliminary injunction factor

4

favored issuance, id. at 4-9, and Defendant consented to the requested relief despite not conceding the likelihood of Ad Hoc succeeding on the merits, id. at 9. This court granted the preliminary injunction. September 10, 2008 Order ("Preliminary Injunction"). The Preliminary Injunction enjoined Commerce and U.S. Customs and Border Protection, "during the pendency of this action, from liquidating, or causing or permitting liquidation of, any unliquidated entries of certain frozen warmwater shrimp from Thailand that: (1) are covered by [the Final Results];" and "(2) were produced and/or exported by" listed companies that included Pakfood. Id. at 1-2. The Preliminary Injunction concluded that "entries subject to this injunction shall be liquidated in accordance with the final court decision in this action as provided in 19 U.S.C. § 1516a(e)." Id. at 4.

Pakfood and other mandatory respondents in the underlying administrative review thereafter entered this action as defendant-intervenors. See, e.g., September 16, 2008 Order. In November 2008, Pakfood moved to sever the first two counts of Ad Hoc's Complaint from the remaining counts. See Defendant Intervenors' Motion to Sever Counts I and II of Plaintiff's Complaint and To Establish These Counts as a Separate Civil Action ("Pakfood's Motion to Sever"). These first two counts, the only that apply to Pakfood,[1] challenged the process through which Commerce selected the mandatory respondents and the number of mandatory respondents. See Complaint ¶¶ 9-20.

---

[1] Ad Hoc's fourth through ninth counts refer specifically to respondents other than Pakfood. See Complaint ¶¶ 25-47. Ad Hoc's third count, challenging Commerce's treatment of warehousing expenses as moving expenses, does not apply to Pakfood. See id. ¶¶ 21-24; Memorandum from Stephen J. Claeys, Deputy Assistant for Import Administration, to David M. Spooner, Assistant Secretary for Import Administration, Re: Issues and Decision Memorandum for the Antidumping Duty Administrative Review on Certain Frozen Warmwater Shrimp from Thailand – February 1, 2006, through January 31, 2007, appended to Final Results, cmt. 2.

In March 2009, Pakfood's Motion to Sever was denied, and Ad Hoc's action was consolidated with a separate challenge to the Final Results initiated by Defendant-Intervenors Andaman Seafood Co., Ltd., Chanthaburi Frozen Food Co., Ltd., Chanthaburi Seafoods Co., Ltd., Phatthana Seafood Co., Ltd., Phatthana Frozen Food Co., Ltd., Thailand Fishery Cold Storage Public Co., Ltd., Thai International Seafoods Co., Ltd., and Rubicon Resources LLC (collectively, the "Rubicon Group"). See March 17, 2009 Order. In December 2009, this court rendered its determination on the consolidation action. Ad Hoc Shrimp, 675 F. Supp. 2d 1287. The Rubicon Group's challenge was voluntarily remanded to Commerce, and every Ad Hoc claim was denied. See id. at 1312. With respect to the first and second counts of Ad Hoc's Complaint, this court held that Commerce properly selected four mandatory respondents by largest volume and that Ad Hoc failed to exhaust its administrative remedies. See id. at 1298-1302.

Pakfood in April 2010 moved for modification of the Preliminary Injunction to exclude Pakfood. See Pakfood's Preliminary Injunction Motion. The other defendant-intervenors consented to Pakfood's Preliminary Injunction Motion. See id. at 13. Ad Hoc opposed Pakfood's Preliminary Injunction Motion. See id. Defendant opposed Pakfood's Preliminary Injunction Motion and also filed a consent motion to sever the Rubicon Group's remanded action from that initiated by Ad Hoc. See Defendant's Response to Pakfood's Motion to Amend the Court's Preliminary Injunction; Defendant's Consent Motion to Sever Cases and to Enter Judgment. This court granted the severance, see April 29, 2010 Order, and entered judgment in favor of Defendant and against Ad Hoc, see April 29, 2010 Order and Judgment. In June 2010,

Ad Hoc appealed. See Notice of Appeal to the United States Court of Appeals for the Federal Circuit.

## III
## STANDARD OF REVIEW

Preliminary injunctions issued by this court to prevent liquidation pursuant to 19 U.S.C. § 1516a(c)(2) remain in effect through appeal. See Hosiden Corp. v. Advanced Display Mfrs., 85 F.3d 589, 590-91 (Fed. Cir. 1996) ("[t]he decision of the Court of International Trade is not a final court decision when appeal has been taken to the Federal Circuit."). Nevertheless, as explained in the context of a defendant-intervenor's motion as follows, this court retains the ability to modify its preliminary injunctions in response to changed circumstances:

> The court has inherent power and discretion to modify injunctions for changed circumstances. However, the party challenging the preliminary injunction or seeking to modify it must prove that the injunction is unnecessary and should be reconsidered or dissolved. Accordingly, in order to succeed in obtaining a modification of the [Preliminary] Injunction, Defendant-Intervenor must establish a change in circumstances of the parties from the time the injunction was issued that would make the modification necessary. Additionally, the party seeking to modify a preliminary injunction bears the burden of establishing a change in circumstances that would make continuation of the original preliminary injunction inequitable.

Ad Hoc Shrimp, 562 F. Supp. 2d at 1388 (emphasis added).

## IV
## DISCUSSION

Pakfood argues that changed circumstances necessitate modification of the Preliminary Injunction to exclude Pakfood. Infra, Part IV.A. Because the possibility exists that the Federal Circuit could remand this action in a manner that requires a change to the antidumping margin

that Commerce calculated for Pakfood in the Final Results, Pakfood has not carried its burden and the Preliminary Injunction will not be modified. Infra, Part IV.B.[2]

## A.
## Pakfood's Arguments To Modify The Preliminary Injunction

Pakfood acknowledges that the Preliminary Injunction was properly issued. See Pakfood's Reply to Defendant's and Plaintiff's Responses to Pakfood's Motion to Modify the Preliminary Injunction ("Pakfood's Reply") at 2 ("Pakfood agrees that the injunctive relief was appropriate at the time it was ordered.") (Emphasis omitted). However, Pakfood contends that the manner in which Ad Hoc litigated the first and second counts of its Complaint presents changed circumstances that necessitate modification of the Preliminary Injunction. See id. at 2-5; Pakfood's Preliminary Injunction Motion at 4-10. According to Pakfood, these litigation arguments clarify that Ad Hoc is not seeking relief that could affect the margin calculated for Pakfood in the Final Results. See Pakfood's Reply at 2-3.

Ad Hoc's first count challenged Commerce's having announced an intention to select mandatory respondents by largest volume as opposed to either by volume or sampling as it had in the past. See Complaint ¶¶ 9-13. Pakfood argues that although this count was ambiguous, Ad Hoc clarified in the course of litigation that it only challenged Commerce's statement of intent as

---

[2] At oral argument, Defendant raised the question of a jurisdictional issue based on Federal Rule of Appellate Procedure ("FRAP") Rule 12.1. See August 17, 2010 Oral Argument at 5:41-6:09; FRAP R. 12.1 ("Remand After an Indicative Ruling by the District Court on a Motion for Relief that Is Barred by a Pending Appeal."). FRAP Rule 12.1(a) provides as follows: "If a timely motion is made in the district court for relief that it lacks the authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a serious issue." Any FRAP Rule 12.1 issue is moot because the court is not "grant[ing]" Pakfood's Preliminary Injunction Motion. FRAP 12.1(a); see August 17, 2010 Oral Argument at 16:18-16:35. Moreover, Pakfood's Preliminary Injunction Motion does not implicate FRAP Rule 12.1 because in this case the court has the authority to grant the requested modification. FRAP Rule 8(a)(1) provides, in part, that: "A party must ordinarily move first in the district court for . . . (C) an order . . . modifying . . . an injunction while an appeal is pending."

opposed to the legality of Commerce's respondent selection. Pakfood's Reply at 3; Pakfood's Preliminary Injunction Motion at 5. Pakfood notes this court's conclusion that Ad Hoc did not challenge Commerce's "separate, final, superceding respondent selection methodology decision." Pakfood's Preliminary Injunction Motion at 6 n.3 (quoting Ad Hoc Shrimp, 675 F. Supp. 2d at 1301 n.9). Pakfood states that "Ad Hoc never identified either any harm it had suffered or any relief that the Court might have provided to remedy this unannounced harm." Id. at 6. According to Pakfood, Ad Hoc "through the course of argumentation" made clear that the relief requested in its first count would not affect the antidumping margin calculated for Pakfood in the Final Results. Pakfood's Reply at 3.

Ad Hoc's second count challenged Commerce's selection of four mandatory respondents. See Complaint ¶¶ 14-20. Pakfood argues that although this count was ambiguous, Ad Hoc clarified in the course of litigation that it only challenged Commerce's selection of more than two or three respondents. See Pakfood's Preliminary Injunction Motion at 8-9. Pakfood explains that its status as the [[ relative size ]] exporter by volume in the administrative review establishes that it would be selected as a respondent even if Ad Hoc were to prevail on its appeal of the second count. See id. at 9. According to Pakfood, Ad Hoc has "through the course of . . . briefing" made clear that the relief requested in its second count would not affect the antidumping margin calculated for Pakfood in the Final Results. Pakfood's Reply at 4.

In addition, Pakfood emphasizes this court's finding that Ad Hoc had not exhausted its administrative remedies for the first and second counts. Pakfood's Preliminary Injunction Motion at 10-11 (citing Ad Hoc Shrimp, 675 F. Supp. 2d at 1299-1303). Pakfood relies upon an instance in which a preliminary injunction to enjoin liquidation was denied because the plaintiff

failed to exhaust its administrative remedies. Id. at 11 (citing Zhanjiang Regal Integrated Marine Res. Co. v. United States, Ct. No. 09-00397, Order (CIT October 27, 2009)). Pakfood asks this court to "consider Ad Hoc's failure to exhaust administrative remedies with respect to Counts 1 and 2 as part of its reconsideration of the Preliminary Injunction with respect to Pakfood entries." Id.

## B.
## Pakfood Has Not Established The Requisite Changed Circumstances

Pakfood has not carried its burden of "establish[ing] a change in circumstances of the parties from the time the injunction was issued that would make the modification necessary."[3] Ad Hoc Shrimp, 562 F. Supp. 2d at 1388. Ad Hoc is appealing this court's decision to the Federal Circuit and, as explained below, that appeal could conceivably require a change to the antidumping margin calculated for Pakfood in the Final Results. See Notice of Appeal to the United States Court of Appeals for the Federal Circuit. The severe consequences of liquidating Pakfood's entries warrant proceeding with caution and maintaining the Preliminary Injunction throughout the pending appeal. See Qingdao Taifa, 581 F.3d at 1382 ("19 U.S.C. § 1516a(c)(2) envisions the use of preliminary injunctions in the antidumping context to preserve proper legal options and to allow for a full and fair review of duty determinations before liquidation.").

If the Federal Circuit were to reverse this court's determination as to Ad Hoc's first count, it could order a remand that begins the administrative process anew. Pakfood portrays that count as merely asserting a "generalized grievance" as to Commerce's statement of intent to

---

[3] Because Pakfood has not satisfied this threshold requirement, it need not be resolved whether Pakfood has further carried its "burden of establishing a change in circumstances that would make continuation of the original preliminary injunction inequitable." Ad Hoc Shrimp, 562 F. Supp. 2d at 1388.

select respondents by volume. Pakfood's Preliminary Injunction Motion at 6 (citations omitted). However, the Federal Circuit could find Commerce's intent to select respondents by volume unlawful so as to render the Final Results void and order a remand through which Commerce employs sampling to select respondents other than Pakfood. See Complaint ¶¶ 9-13, 48; 19 U.S.C. § 1677f-1(c). That Pakfood would in this circumstance receive the weighted-average dumping margin belies the assertion that "there is no possibility that the margin for Pakfood will . . . change based on Plaintiff's Count 1 arguments." Pakfood's Preliminary Injunction Motion at 3.

Pakfood's argument based on Ad Hoc's first count assumes that the Federal Circuit will agree with this court that Ad Hoc did not preserve its ability to challenge the legality of Commerce's respondent selection methodology. See Pakfood's Preliminary Injunction Motion at 6 & n.3. Indeed, Pakfood references this court's conclusion that Ad hoc "did not contest final agency action" as support for its request to "reconsider whether Ad Hoc ever could have demonstrated a likelihood of success with regard to Count 1." Id. at 6. This conflation of standards is not persuasive because, as previously stated:

> the court will not allow Defendant-Intervenor, which is attempting to modify the [Preliminary] Injunction to effectively shift the burden to the plaintiff to reprove the factors for preliminary injunction that have previously been proven to the court's satisfaction. Rather, the court needs only to examine whether the Defendant-Intervenor has raised circumstances which effectively justify a rehearing of its prior determination.

Ad Hoc Shrimp, 562 F. Supp. 2d at 1387.

Given the possibility that a remand from the Federal Circuit could void the Final Results and restart the administrative process, Pakfood has not "raised circumstances which effectively justify a rehearing of" the Preliminary Injunction. Id. This also applies to Pakfood's argument

11

based on Ad Hoc's second count because the Federal Circuit could find Commerce unlawfully selected the number of mandatory respondents, see Complaint ¶¶ 14-20, 48, and Commerce, on remand, could select respondents through either sampling or largest volume. See 19 U.S.C. § 1677f-1(c).  Even if Commerce were to once again select respondents by volume, there is no guarantee Pakfood will be selected because—as Pakfood notes—Commerce has on occasion selected only one company for review. See Pakfood's Preliminary Injunction Motion at 9 n.5. However unlikely, it is incorrect that "there is no possibility that the margin for Pakfood ever will change based on Plaintiff's Count 2 arguments." Pakfood's Reply at 4.

Finally, Pakfood's reliance on this court's exhaustion determination reveals its attempt to bootstrap the underlying decision into its requested modification of the Preliminary Injunction. See Pakfood's Preliminary Injunction Motion at 10-11.  Because the Federal Circuit may find that Ad Hoc did exhaust its administrative remedies, this court's exhaustion analysis is not relevant in considering Pakfood's Preliminary Injunction Motion.  While the failure to exhaust administrative remedies is considered in assessing the likelihood of success on the merits, Pakfood recognizes that "the standards for obtaining a preliminary injunction and for modifying a preliminary injunction are not the same." Id. at 11.  To prevail on its Preliminary Injunction Motion, Pakfood must establish that circumstances have changed that necessitate modification of the Preliminary Injunction to exclude Pakfood. See Ad Hoc Shrimp, 562 F. Supp. at 1388. Pakfood has not carried its burden because Ad Hoc's litigation arguments on the first and second counts of its Complaint do not foreclose the possibility that Commerce could, upon a remand ordered by the Federal Circuit, require a change to the margin calculated for Pakfood in the Final Results.

Pakfood in essence invites this court to presume that the Federal Circuit will agree with the decision in Ad Hoc Shrimp, 675 F. Supp. 2d 1287. This court will not do so because it is "far from infallible." Kaplan v. Burroughs Corp., 426 F. Supp. 1328, 1336 (N.D. Cal. 1977) ("There would be no job for the Court of Appeals if I were infallible. The Court of Appeals is set up for the very purpose of correcting errors of the trial courts, and it is expected that a trial judge will make a certain number of errors. . . . [I]f counsel think I made a mistake, they will have a right to appeal to the Court of Appeals and, in some instances, to the Supreme Court of the United States.").

# V
# CONCLUSION

For the above stated reasons, Pakfood's Partial Consent Motion to Modify the Preliminary Injunction is DENIED.

　　　　　　　　　　　　　　　　　　　　__/s/ Evan J. Wallach____
　　　　　　　　　　　　　　　　　　　　Evan J. Wallach, Judge

Dated: September 27, 2010
　　　　New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

―――――――――――――――――――――――
                                                       :
AD HOC SHRIMP TRADE ACTION      :
COMMITTEE,                                    :
                                                       :
       Plaintiff,                          :
                                                       :   Before:        WALLACH, Judge
   v.                                          :   Court No.:    08-00283
                                                       :
UNITED STATES,                             :
                                                       :
       Defendant,                       :
                                                       :
   and                                       :
                                                       :
PAKFOOD PUBLIC COMPANY     :
LIMITED et al.,                                :
                                                       :
       Defendant-Intervenors.    :
―――――――――――――――――――――――:

**ORDER**

      Upon consideration of the Partial Consent Motion to Modify the Preliminary Injunction ("Preliminary Injunction Motion") filed by Defendant-Intervenors Pakfood Public Co., Ltd., Asia Pacific (Thailand) Co., Ltd., Chaophraya Cold Storage Co., Ltd., Okeanos Co., Ltd., and Takzin Samut Co., Ltd. (collectively, "Pakfood"), the court having reviewed all pleadings and papers on file herein, having heard oral argument, and after due deliberation, having reached a decision herein; now, in conformity with said decision, it is hereby

      ORDERED that Pakfood's Preliminary Injunction Motion is DENIED; and it is further

      ORDERED that each party shall review the court's Opinion in this matter and shall in writing on or before Tuesday, October 5, 2010 notify the court whether any information contained in the Opinion is confidential. If a party determines that information needs to be deleted in the public version of the Opinion to be issued thereafter, that party shall identify such information, request the deletion of such information, and propose alternate language to replace such information. If a party determines that no information needs to be deleted, that party shall so notify the court.

                                                                     __/s/ Evan J. Wallach____
                                                                     Evan J. Wallach, Judge

Dated: September 27, 2010
       New York, New York